IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

vs.                                                                                                                                          No. 20-cv-1042 RB-CG
                                                                                                                                           No. 13-cr-4004 RB

MARIO SERRANO,

    Defendant.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendant Mario's Serrano's *pro se* Motion to Modify Federal Sentence (CR Doc. 116, CV Doc. 1.) Mr. Serrano asks the Court to run his federal sentence concurrent with a future state sentence. He may also challenge a state detainer. Having reviewed the arguments and applicable law, the Court will deny the Motion.

**I.   Background**

On July 15, 2014, Mr. Serrano pled guilty to an Indictment charging (1) conspiracy to possess with intent to distribute 50 grams and more of methamphetamine under 21 U.S.C. § 846; (2) possession with intent to distribute 50 grams and more of methamphetamine under 21 U.S.C. §§ 841(a)(1), (b)(1)(A); and (3) possession of a firearm and ammunition by a felon under 18 U.S.C. § 922(g)(1). (Docs. 18; 69; 85.[1]) The Court sentenced Mr. Serrano to 168 months imprisonment on November 9, 2015. (Doc. 96 at 3.) Mr. Serrano has served approximately 90 months of his sentence, and his anticipated release date is November 14, 2024. (Doc. 109 at 9.) He is currently housed at Butner Federal Correctional Institute, which is a medical prison in North Carolina. (CR Doc. 112

---

[1] Unless otherwise noted, all docket references are to the criminal case, 13-cr-4004 RB.

at 2–3.)

On May 13, 2020, Mr. Serrano moved for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i) due to the COVID-19 pandemic. (Doc. 107.) The Court denied the motion on July 9, 2020. (Doc. 111.) A few months later, on October 8, 2020, Mr. Serrano filed the instant Motion. (Doc. 116.) He asks the Court to run his federal sentence concurrent with any future sentence he receives for a state parole violation. (*Id.* at 1.) The parole violation allegedly occurred in 2012. (*Id.* at 10.)  The State of New Mexico issued a parole detainer in 2018, while Mr. Serrano was in federal custody. (*Id.*) Mr. Serrano argues he could be exposed to COVID-19, if at some point he returns to New Mexico for the parole revocation proceeding. (*Id.* at 2.) He also contends that if he is moved from his current medical facility, the Bureau of Prisons (BOP) will classify him as a high security inmate due to the detainer. (*Id.* at 2–3.) Mr. Serrano wishes to be classified as a medium security inmate and serve any state sentence in a federal prison, where he has more rehabilitation/vocational programs. (*Id.* at 3.) The Motion attaches exhibits relating to the parole violation and detainer, including Mr. Serrano's state motion to quash the detainer. (*Id.* at 5–22.)

The Court filed the Motion as a 28 U.S.C. § 2241 proceeding, as it implicates the execution of Mr. Serrano's federal sentence, and the matter is ready for review. *See McIntosh v. U.S. Parole Comm'n*, 115 F.3d 809, 811 (10th Cir. 1997).

**II.     Discussion**

District courts do "not have inherent power to resentence defendants" or modify criminal judgments. *United States v. Blackwell*, 81 F.3d 945, 949 (10th Cir. 1996). The Court can only "modify a Defendant's sentence . . . in specified instances where Congress has expressly granted the court jurisdiction to do so." *Id.* The Tenth Circuit recently applied this rule to post-judgment

2

requests for concurrent sentencing. *See United States v. Johnson*, 766 F. App'x 648 (10th Cir. 2019). *Johnson*'s facts are nearly identical to this case. To remedy any delay stemming from a state detainer, the petitioner sought a "modification of her federal sentence . . . to . . . run concurrently with the subsequent incarcerations in" state prison. *Id.* at 649. The Tenth Circuit explained that district courts have authority "at an initial sentencing to run a sentence concurrently with an anticipated sentence." *Id.* at 651. However, they lack jurisdiction "to later modify a sentence by making it run concurrently with another sentence." *Id.* The Court will therefore dismiss Mr. Serrano's request for sentence modification for lack of jurisdiction.

Construed liberally, the Motion may also raise claims pertaining to the state detainer. Mr. Serrano argues the detainer impacts his BOP classification, which in turn impacts his rights and privileges in prison. The exhibits to the Motion allege the state violated the Interstate Agreement on Detainers Act (IADA) and/or the Due Process Clause by delaying any prosecution for the alleged parole violation.

As to the classification argument, the Tenth Circuit has repeatedly held that no relief is available where a prisoner lost access to programs due to the issuance of a detainer. *See, e.g.*, *United States v. Sussman*, 444 F. App'x 302, 304 (10th Cir. 2011) (Claim that detainer caused "transfer to a maximum security floor and revocation of privileges . . . lack[s] constitutional dimension"); *United States v. Romero*, 511 F.3d 1281, 1284 (10th Cir. 2008) (no relief was available where "the detainer warrant has not been executed" and inmate was "prejudiced because he cannot participate in treatment and other prison programming"). Relief is also unavailable based on any alleged violations of the IADA. "The Interstate Agreement on Detainers Act, which requires immediate transfer of a prisoner to another jurisdiction when there are detainers lodged on untried criminal

3

charges, is inapplicable to probation or parole revocation detainers." *United States v. Romero*, 511 F.3d 1281, 1284 (10th Cir. 2008). The only other possible avenue for relief is a due process claim based on the delay in resolving the parole detainer. While the Supreme Court has recognized a "right for probation revocation proceedings to be resolved within a reasonable time, this right does not attach until the individual has been taken into custody pursuant to a probation revocation warrant." *Powell v. Arapahoe Cty. Dist. Court*, 631 F. App'x 571, 573 (10th Cir. 2015) (citing *McDonald v. N.M. Parole Bd.*, 955 F.2d 631 (10th Cir. 1991)). Mr. Serrano has not been taken into state custody, and therefore he may not assert a due process violation based on the detainer.

For all of these reasons, the Court will dismiss the Motion without prejudice. The Court lacks jurisdiction to grant Mr. Serrano's request for a sentencing modification. To the extent Mr. Serrano intended to assert any ancillary claims pertaining to the detainer, no relief is available.

**IT IS ORDERED** that Petitioner Mario Serrano's Motion to Modify Federal Sentence (CR Doc. 116, CV Doc. 1) is **DISMISSED without prejudice**; and the Court will enter a separate judgment closing the civil habeas case.

_____
ROBERT C. BRACK
SENIOR U.S. DISTRICT JUDGE